# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION



FILED
MAR 24 2021
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ALAN THOMAS PRICE
    Plaintiffs,

v.

BANK OF AMERICA, N.A., NATIONSTAR MORTGAGE, LLC DBA MR. COOPER, HSBC BANK, USA NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE ELLINGTON LOAN ACQUISITION TRUST 2007-2 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-2 and DOES 1 TO 50,
    Defendants.

Civil Action No. 2:21cv152

## COMPLAINT

COMES NOW, Plaintiff ALAN THOMAS PRICE (hereinafter referenced as "Price") and for his Complaint in support of his action to Enjoin Foreclosure.

### JURISDICTION AND VENUE

1. Jurisdiction is appropriate laid in the United States District Court, Eastern District, Norfolk Division pursuant to 28 USC 1331 as the claim in question in based upon a Federal Statute and Federal Question Jurisdiction.

2. Venue is appropriately laid in the United States District Court, Eastern District, Norfolk Division pursuant to 28 1391 (b)(2) as the events giving rise to the claim occurred substantially within the State of Virginia.

### PARTIES

3. Plaintiff Alan Thomas Price, a single man is the owner of record and resident of the real property located at 2645 River Road Virginia Beach, VA 23454-1224.

4. Defendant Bank of America, N.A. a business entity form unknown with a principle place of business at 100 North Tryon Street Charlotte, NC 28255.

5. Defendant Nationstar Mortgage, LLC DBA Mr. Cooper, with a principle place of business at 8950 Cypress Water Blvd., Coppell, TX 75019.

6. Defendant HSBC Bank, USA National Association, as Trustee for the holders of the Ellington Loan Acquisition Trust 2007-2 Mortgage Pass-through certificates series 2007-2.

## FACTS RELATED TO ALL COUNTS

7. Plaintiff re-allege paragraphs 1-6 and incorporates same by reference herein.

8. On or about February 28, 2007, Plaintiff refinanced his home mortgage with Fremont Investment & Loan. Said Mortgage was a $512,000.00 conventional mortgage with a variable rate. A copy of the Deed of Trust is attached hereto as Exhibit A.

9. In 2008 the housing market crashed causing a title wave of issues for the economy. As a result, Plaintiffs business suffered tremendously. From 2008 to 2014, Plaintiff while under significant stress from the crashed economy and a Divorce; suffered several strokes. It was during this time that Plaintiff fell behind on his mortgage payments and reached out to Defendant Nationstar. At the time, even though Plaintiff was a few payments behind, he still wanted to make payments on his mortgage. Plaintiff was advised by Defendant Nationstar that he could apply for a loan modification through the Making Home Affordable Modification Program (HAMP). The modification process took roughly 6 months to complete, all the while, Plaintiff was discouraged from making mortgage payments.

10. Plaintiff was approved for the HAMP Modification in March of 2014. The terms of said Modification were as follows: 2% interest rate for years 1-5 with a total payment (PITI) of $2,933.22, year 6 interest rate of 3%, year 7 interest rate of 4%, year 8-40 interest rate of 4.125%. In addition, Plaintiff was provided several incentives for keeping current on his mortgage. The first of which called the "pay-for-success" incentive providing $1,000.00 payments for every year the loan remains current, up to $5,000.00. In addition, the agreement promises that for a period of three years on the anniversary of the first trial plan payment (March of 2014), Plaintiff would be provided a Principal Forgiveness of $31,113.00, total forgiveness to equal $93,339.00.

11. Plaintiff remained current on his mortgage agreement until May of 2017 when he suffered several health events (strokes) and a divorce all within a truly short amount of time. At no time did Plaintiff receive any of the promised incentives and to date still has a large deferred principal balance ($79,550.72). Attached hereto as Exhibit B, Loan Modification agreement.

12. As stated above, Plaintiff suffered several strokes and was unable to make several of his mortgage payments. Plaintiff attempted to seek additional assistance from his mortgage lender to no avail. In October of 2017, Plaintiff filed Chapter 13 Bankruptcy to resolve his mortgage arrears. Plaintiffs chose to Voluntarily Dismiss this Bankruptcy. In March of 2019 Plaintiff filed a subsequent Chapter 13 Bankruptcy as an attempt to create a repayment for his mortgage arrears and has been offered a Deed in Lieu from Defendant Nationstar. However, Plaintiff wishes to remain in possession of his property, however the only options provided by Defendants (Short Sale/Deed in Lieu), did not include an option for home retention.

## **COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692 ET SEQ.**

13. Plaintiff re-alleges paragraphs 1-12 and incorporates same by reference.

14. Plaintiff is a consumer as that term is denied by 15 USC 1692a (3).

15. The mortgage loan that is the subject of this litigation is a debt as that term is defined by 15 USC 1692a (5).

16. Defendant Nationstar Mortgage LLC, dba Mr. Cooper is a debt collector as that term is defined by 15 USC 1692a (6).

17. Any Exhibits provided regarding loan modifications are "communications" as defined by USC 1692a (2).

18. Nationstar Mortgage LLC, dba Mr. Cooper violated 15 USC 1692d by engaging in debt collection conduct having the natural consequence to harass, oppress and/or abuse Plaintiff.

19. Defendants (ALL) did not apply payments made to the mortgage entities against the loan to cure the arrears of the loan in a timely manner, as required under the Modification and Partial claim procedure. Defendants (ALL) did not deduct from the balances owed the amounts as promised under the Modification terms as pay incentives.

20. Defendants sent debt collection letters and notices which threatened to foreclosure on Plaintiffs home while they were current and making payments in a trial plan.

21. Defendants failed to apply loan payments made under the Modification as of the date received pursuant to 15 USC 1639(f).

22. Defendants regularly sent Plaintiffs mortgage bills with the wrong interest rate and demands for payment in excess of the amount owed under the Modification.

23. Defendants violated 15 USC 1692e by using false, deceptive, and/or misleading representations or means in connection with the collection of the debt. They prayed on the vulnerability of its' clients to obtain monies in connection with the mortgage.

24. Communications sent by Defendants included false representations of the character, amount and/or legal status of the debt that is the subject of this litigation.

25. Said Communications use false representations and/or deceptive means in an attempt to collect a debt.

26. Defendants violated 15 USC 1692f by using unfair and/or unconscionable means to collect upon or attempt to collect upon Plaintiffs' debt.

27. The communications sent by Defendants to Plaintiff seek to collect an amount not expressly authorized by agreement or law.

28. Defendants induced Plaintiff to execute a Modification without properly applying the Trial Plan Payments against the Mortgage and providing inaccurate account balances on said documents.

29. Defendants failed to apply loan payments made under the modification as of the date received pursuant to 15 USC 1639 (f).

30. Defendants wrongdoing identified in this Complaint is intended to place Defendants on notice of its actions and is not an exhaustive list of wrongdoing. It is anticipated additional violations of the Fair Debt Collections Practices Act and further Causes of Actions will be discovered.

31. As a result of the actions of Defendants, Plaintiff has suffered damages.

32. As a result of the actions of Defendants, Plaintiffs are entitled to all relief under 15 USC 1692k including but not limited to statutory damages, actual damages, attorney fees and costs of suit.

## COUNT II – VIOLATION OF THE TRUTH IN LENDING ACT 15 USC 1631 ET SEQ.

33. Plaintiff re-alleges paragraphs 1-32 and incorporates same by reference.

34. The Truth in Lending Act 15 USC 1639f (a) requires loan servicers and lenders to "credit a payment to the consumer's loan account as of the date of receipt…".

35. All Mortgage Statements show that Defendants have failed to do so.

36. Defendants further charged late fees and/or penalties in connection with their own failure to timely credit payments.

37. As a result of Defendants actions, Plaintiff has been injured. A true reflection of that total injury is unknown currently but is discoverable.

38. Plaintiffs are entitled to all relief under 15 USC 1640(a) including but not limited to statutory damages, actual damages, attorneys' fees and costs of suit.

## COUNT III - BREACH OF CONTRACT & BREACH OF GOOD FAITH AND FAIR DEALING

39. Plaintiff re-alleges paragraphs 1-38 and incorporates same by reference.

40. Implied in the contract between parties to a mortgage is an obligation of **good faith and fair dealing** that neither party will do anything having the effect of destroying or injuring the rights of the other party to receive the fruits of the contract.

41. Defendants assert a mortgage contract to which the parties were bound.

42. In that contract were Defendants' duties and provisions that included Defendants' responsibility to service the loans they allegedly held. The agreement provided incentives for timely payments to be credited against the mortgage balance on the anniversary of the first modification trial payment (March 2014). Defendants at no time providing these incentive payments as promised and agreed.

43. Defendants breached their duties in servicing the loan transaction, failed to apply the payment incentives, refused to properly service the transaction and in so doing, mislead Plaintiff severely.

44. Defendants breached their obligation of good faith by not explaining the terms of the loan modification transaction and options to Plaintiff, and in not properly explaining or servicing the provisions creating a false transaction when Plaintiff tendered monies, information, and applications at request of Defendants and/or their predecessors.

## COUNT IV - ESTOPPEL/UNCLEAN HANDS

45. Defendants re-allege and incorporate paragraphs 1-44, herein.

46. Defendants breaches and material misrepresentations have caused irreparable harm to Plaintiff and constitute unclean hands on the part of Defendants. Plaintiff in good faith made all required payments as prescribed in order to receive the payment incentives from the HAMP agreement yet Defendants (ALL) failed to provide said incentives against Plaintiffs' loan.

47. Defendants and/or predecessors have been and/or will be unjustly enriched through the taking of monies through alleged and proposed transactions upon which Plaintiffs reasonably relied. Plaintiff also reasonably relied on Defendant's servicing and working out loan modifications with Plaintiff as have in their course of prior dealing.

48. Plaintiff should have benefitted from the Federal Loan Workout Programs such as HAMP/TARP to which Plaintiff relied upon being able to avail themselves of. However, Defendants failed to provide the relief and remedy for which Plaintiff qualified for and entered.

49. Plaintiff did, in fact, reasonably rely on Defendant's representations and conduct before, during, and after the purported closing to the substantial detriment of Plaintiff.

50. Plaintiff, in fact, relied upon both sets of material representations to their detriment—their home remains far from the value it was when the transaction began, and now faces foreclosure with an inflated mortgage balance. Said inflated mortgage balance is now the reason that Defendants are refusing to provide additional available remedies to Plaintiff claiming that they are unable to offer a modification to Plaintiff due to the loan balance. See Exhibit C attached hereto.

51. Defendants represented they would foster an opportunity in which to modify this loan transaction resulting in a reduction of principal balance to which he relied, and until such time the Defendants should be estopped from proceeding in foreclosure as a result.

## COUNT V – ACCOUNTING

52. Plaintiffs re-allege and incorporate paragraphs 1-51, herein.

53. Defendants have not only misled Plaintiff with promises of modifications, principal forgiveness, etc. but have also miscalculated amounts owed by Plaintiff. Attached hereto as Exhibit D is Plaintiffs Mortgage Statement and Escrow Analysis showing no change in Mortgage Balance.

54. Defendants continue to charge Plaintiff an escrow item for Property taxes when his liability to pay taxes has been removed through an application with the County. See Exhibit E, attached hereto.

55. This issue lends further suspicion of other erroneous fees being charged by Defendants for items previously paid. According to the Mortgage Statement, Plaintiff has been charged $13,098.54 in legal fees without any explanation on those fees.

56. The reporting of the fees paid by Plaintiff were not accurately reflected on Statements or Plaintiffs 1098 Mortgage Interest Statement which calls in to question a possible Title 26 issue with the IRS.

## COUNT VI – FRAUD

57. Plaintiffs re-allege and incorporate paragraphs 1-56, herein.

58. As evidence in the attached series of Mortgage Statements (Exhibit D), Defendants have continuously misrepresented the loan balance, escrow accounts, escrow shortage, suspense account balance and fees being assessed on Plaintiffs mortgage.

59. Defendants then issued 1098 Mortgage Statements showing a different accounting than what had been reported through monthly statements.

60. It is the believe of Plaintiff that this misrepresentation by Defendant was intentional to cause confusion and frustration to Plaintiff.

61. Plaintiff has not had a clear picture of the financial position of its' mortgage for the last 10 years of its' history.

62. Plaintiffs assert that this is due to Defendants fraudulent acts of hiding and misappropriating Plaintiffs funds to defraud not only its' clients but the IRS.

63. In a recent search of Defendants Litigation cases, it was noted that this very same claim has been made repeatedly in other State and Federal Actions. In addition, it should be noted that it was also included in several class action settlements. Defendant was required to pay out to its' client's damages as a result of fraudulent activities on their loans.

64. Plaintiff believes their loan has a significant amount of Fraud and believes the actual mortgage balance is MUCH less than Defendants claim.

## COUNT VII – LACK OF STANDING TO FORECLOSURE

65. Plaintiffs re-allege and incorporate paragraphs 1-64, herein.

66. Defendants have not only Breached the Contract with Plaintiff, falsified amounts due against the mortgage to include the escrow account but in addition they have falsified information with regards to the transfer of this loan into the Ellington Loan Acquisition Trust, 2007-2 Mortgage Pass-through Certificates 2007.

67. According to the chain of title, in or around November 3, 2011 Defendants recorded an Assignment against Plaintiffs home for the transfer of Plaintiffs loan into the Ellington Loan Acquisition Trust 2007-2. See document No. 2011.1103.1140400 in the Recorders Office also attached hereto as Exhibit F. As easily located online, the Pooling and Servicing Agreement for the Ellington Loan Acquisition Trust 2007-2 shows that the trust closed in 2007. Plaintiffs question Defendants ability to transfer said loan into a closed trust since the Pooling and Servicing Agreement does not provide an allowance for transfers after the closing date, nor has the pooling and servicing agreement been modified for any inclusion of such activity.

68. Defendants have violated the pooling and servicing agreement for the Ellington Loan Acquisition Trust 2007-2 which legally voids the "transfer" of Plaintiffs loan into said trust. As such, Defendants were not in possession of Plaintiffs loan prior to the trusts closing and have no legal standing to foreclosure on this security instrument.

## COUNTY VIII – QUIET TITLE

69. Plaintiffs re-allege and incorporate all paragraphs herein, specifically 1-68.

70. As shown above, Defendants actions have caused significant injury to Plaintiff. Due to the egregious nature of Defendants actions, Plaintiff seeks to Quiet Title against his property. Defendants currently have no valid assignment for the security instrument as the acts completed in November of 2011 voided any interest or right to said security instrument.

71. Plaintiffs therefore assert that the Deed of Trust and associated Mortgage Note are unenforceable, and Title must be quieted to reflect such.

**WHEREFORE**, Plaintiff requests this Honorable Court ENJOIN Defendants from foreclosure together with awarding any other relief in favor of Plaintiffs that this Court determines just and appropriate; and respectfully request this Court provide relief in the following manner:

(a) Assume jurisdiction of this case.

(b) Enjoin Defendants from mortgage foreclosure during the pendency of this action and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiff's property or from otherwise taking any steps to deprive Plaintiffs of ownership of that property.

(c) Waive any Bond that may be required by Plaintiffs as Defendants' security interest is protected in the property.

(d) Order the Title to Plaintiffs property Quieted as to Defendants and the security instruments therein.

(e) Alternatively, Order Defendants to take all actions necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare the security interest void, including but not limited to the mortgage and note related to the closing Transaction herein above described;

(f) Order the return to Plaintiffs of the pay incentives as promised in the attached agreements totaling $93,339.00.

(g) Order a Forensic accounting of Plaintiffs loan or in the alternative, reduce Plaintiffs Loan for all unnecessary fees, unexplained interest, and charges from Defendant.

(h) Award actual damages in an amount to be established at trial and/or evidentiary hearings that are now requested.

(i) Award costs and reasonable attorneys' fees to Plaintiffs as applicable.

(j) Award such other and further relief as the Court determines just and proper.

Respectfully Submitted,

_____
Alan Thomas Price
2645 River Road
Virginia Beach, VA 23454-1224